### G., C. & S. F. R'y Co. v. D. A. Neely.

(Case No. 5559.)

1. SUBSCRIPTIONS — CONTRACT — LIABILITY.— In order to secure the construction of a railroad over a certain line and the establishment of a depot at a named point, a committee solicited subscriptions to the amount of $2,500; $2,350 of this was paid to the railroad company in cash and the subscription list given to it at the same time. One hundred and fifty dollars of the subscriptions remained unpaid, but the railroad company gave a receipt as for $2,500, and after building the road and locating the depot at the desired points, sued for the $150. Held, that the liability of the defendant was in no way affected by the fact that the other subscribers paid their subscriptions in advance of the time designated. Defendant did not withdraw his promise to pay the amounts subscribed until after the railroad company had accepted the subscriptions and performed its part of the agreement. When this had been done the defendant became bound and the subscription became a valid contract between the parties.

APPEAL from Bosque. Tried below before the Hon. J. M. Hall.

This is an action brought by appellant against appellee in justice court of precinct No. 1, Bosque county, Texas, on August 14, 1882, upon a subscription executed by appellee, about February 11, 1881, wherein appellee agreed, with others, to pay the money, $100, opposite his name on the subscription list, which was for the purpose of procuring right of way for appellant as shown in the subscription. Defendant Neely filed in the justice's court his defenses in writing, wherein he pleaded want of mutuality of contract between parties, etc. Appellant before a jury recovered a judgment against appellee for the sum of $100, from which judgment appellee appealed to the district court of Bosque county, Texas, and the cause was upon the 26th day of February, 1885, submitted to the judge of the district court, resulting in a judgment in favor of appellee and against appellant, adjudging it to pay all costs, etc., from which last judgment appellant prosecutes its appeal, claiming that the court erred in its conclusions of law and in rendering judgment against the plaintiff, in that the court in its conclusions of law, and contrary to

the facts, and not supported by the pleadings of defendant, decided that the promise of defendant was a *nudum pactum*, and of no legal force, and did not bind the defendant.

*S. H. Lumpkin*, for appellant, cited: R. S., arts. 1573–1575; Hopkins *v.* Upshur, 20 Tex., 89; Williams *v.* Rogan, 59 Tex., 438; Fire Insurance Ass'n *v.* Miller Bros., Willson's Condensed App. Cases, vol. 2, § 335.

No briefs on file for appellee.

Watts, J. Com. App.— It was the expressed intention of the parties to the subscription list to make it available in securing the construction of the railroad on the designated line, and the establishment and maintenance of a depot at the named point. To secure these objects the committee tendered to appellant the subscription list as it stood, but as the subscribers were unknown to the company they required the committee to raise the money. Then, to meet this demand, all the subscribers, except appellee and one other, paid the amount of their subscription in advance. This amounted to $2,350 in money and a balance on the subscription list of $150; and the committee delivered to the company the money and list, which was accepted as and for the $2,500.

It appears that the company had, prior to the institution of this suit, complied, upon its part, with the terms and stipulations expressed in the subscription, by constructing the road and establishing and maintaining the depot upon the line and at the point designated.

There was no change in the original agreement as expressed in the subscription, so far as appellee is concerned; nor was his liability affected in any manner by the fact that the other subscribers paid the respective amounts subscribed by them in advance of the time designated thereby.

His object and intention in signing the subscription was to secure the construction of the road and the establishment of the depot as therein designated, and upon the terms expressed. This has been accomplished; the desired object has been secured; but appellee declines to perform his part of the agreement.

Appellee did not withdraw his promise to pay the amount subscribed by him until after appellant had accepted the subscription and performed its part of the agreement. Williams *v.* Rogan, 59 Tex., 438.

The subscription having been delivered to and accepted by appellant, and it having constructed the road and established the depot in accordance with the terms of the subscription, appellee will be held bound by the terms of the agreement. For, under such circumstances, the subscription becomes a binding and valid contract between the parties.

Our conclusion is that the judgment of the court below is against the evidence, and ought to be reversed, and that the supreme court should here render the judgment that ought to have been rendered by the court below, viz., that appellant, "The Gulf, Colorado & Santa Fe Railroad Company," do have and recover of and from appellee D. A. Neely, and A. J. George, Thad. T. Angel and E. B. George, sureties upon his appeal bond, approved and filed March 29, 1883, for the sum of $100, with interest thereon at the rate of eight per cent. per annum from March 28, 1883, and all costs of suit.

REVERSED AND RENDERED.

[Opinion approved June 9, 1885.]