L. MILLER & Co. v. JAMES B. GOODMAN, ASSIGNEE.

Delivered January 13, 1897.

**1. Foreign Corporation—Pleading—Permit to do Business.**

Where an assignee for creditors of a foreign corporation which has been doing business in Texas brings suit here, the petition need not allege that the corporation has obtained a permit to do business here in compliance with the Act of 1889, since the burden of proof to show that it has not done so is on the defendant.

**2. Same—Allegation of Corporation's Authority to Make Assignment.**

Where an assignee for creditors of a corporation domiciled in another State sues in Texas, the petition need not aver that such assignment was authorized by the law of such other State, since, by the common law, a corporation may make an assignment for creditors, like any other person.

**3. Draft as Assignment of Fund—Lapse of Time—Presumption.**

The fact that a draft for the purchase price of goods discounted by a bank has been allowed to become barred by lapse of time, without being asserted by the bank, authorizes an inference that the same was a temporary expedient, and did not operate as an assignment of the claim for the purchase price of the goods.

**4. Garnishment—Parties—Protection of Garnishee.**

A garnishee cannot rely upon the judgment against him in the garnishment proceedings as a protection against the claim of an assignee for creditors of his creditor, a corporation that has failed, where he knew of such general assignment before the judgment was rendered, and did not make the assignee a party to the proceedings, nor disclose the facts to the court; and the fact that the assignee is a non-resident does not alter the rule.

**5. Corporation—Trust-Fund Doctrine—Preference Liens.**

The trust-fund doctrine not only prevents an insolvent corporation or its officers from doing any act calculated to defeat an equitable distribution of the corporate assets among its creditors, but prevents creditors from obtaining liens or preference by virtue of the garnishment and attachment statutes.

**6. Secondary Evidence of Deed of Assignment.**

In an action by a general assignee under an assignment made in another State, a copy of the deed of assignment is not admissible in evidence without a showing that the original could not be produced.

APPEAL from Orange. Tried below before Hon. STEPHEN P. WEST.

*Perryman, Gillaspie & Bullitt* and *Gordon Bullitt,* for appellants.

[No brief for appellee has reached the Reporter :]

JAMES, CHIEF JUSTICE.—Appellee alleged that he was the assignee of C. J. L. Meyer & Sons Company, a private corporation created under the laws of Illinois, domiciled at Chicago, Illinois, and engaged in the manufacture and sale of lumber, doors, sashes, blinds, etc. That the goods sold by said corporation to defendants (appellants) were sold by and through A. C. Petri & Bro., of Dallas, Texas, who were at said time solicitors of business and buyers for its goods. The petition claimed $1110.47, but plaintiff admitted that the account was entitled to a discount reducing it to $958.38. Judgment was rendered in the District Court against appellants for such sum and interest. There is no brief for appellee.

It is assigned as error that a special exception should have been sustained to the petition, because it failed to allege that the corporation (a foreign corporation) had complied with our statutes of 1889 to admit of it engaging in business in this State or prosecuting an action in the courts of this State; also, that it was error to render judgment for plaintiff, in the absence of evidence showing such compliance. These assignments, we think, are not well taken, because it devolved on defendants to allege and prove that the corporation was so circumstanced as to deprive it of the right to recover for the goods it had sold defendants. Defendants alleged such matter, but there is not a particle of testimony in the record on the subject. Murfree on Foreign Corporations, sec. 96. It therefore becomes unnecessary to discuss the effect of said statute upon a suit brought by a foreign corporation or its assignee, where there has been no compliance with its requirements.

The corporation, like any other person, could make an assignment for creditors. Burrill on Assignments, sec. 64. This is a common law rule, and therefore it was not necessary for plaintiff either to allege or prove the condition of the laws of Illinois with reference to assignments. An assignment, if shown, would be prima facie evidence of the plaintiff's title to recover.

There was evidence that the corporation, prior to any assignment, drew a draft on defendants for the amount of this claim, in favor of its president, which the latter testified he discounted with a certain bank; and it is contended by appellant that plaintiff ought not to have recovered, by reason of this testimony showing a previous transfer of this particular account. In view of the fact that this draft was made in 1889, and there is nothing to show that it had ever been asserted by the bank, and any right of the bank to collect it had evidently been allowed to become barred, the court was warranted in concluding from the circumstances that the draft was a contrivance or a temporary expedient that had served its purpose, and did not really assign the claim.

Another question is raised by appellant. It appears that the corporation was largely indebted to A. C. Petri & Bro. at the time of the alleged assignments, and that that firm sued and garnisheed appellants, who answered that they owed this claim, less the discount, to "C. J. L. Meyer & Sons Co. or assignees." The assignee was made a party to the proceeding, and appellants allowed judgment to be rendered against them, and paid the judgment. There was no plea of payment in this case. If we consider the evidence introduced on this subject, and give it full effect, we are of opinion that payment of said judgment is, as held by the District Court, no defense in this case.

The weight of authority seems to be that an assignment made in one State operates to pass title to the personal property in another State, subject to the demands of the local creditors in the latter State. Upon this view of the law Petri & Bro. would have been entitled, through their garnishment, to collect this claim from appellants, and apply it to their judgment, as against the assignee.

But we do not consider a decision of this question necessary, in view of another rule which the Supreme Court has adopted as the law of this State, known as the trust fund doctrine. It appeared that the corporation failed, and made an assignment. When a corporation is so conditioned, its assets constitute a trust fund for creditors. This court believed, and such were all the authorities we found on the subject, that the rule merely disabled the corporation or its officers from doing any act calculated to defeat an equitable distribution of the corporate assets among its creditors, and that a creditor might obtain a lien or preference by virtue of the statutes of garnishment and attachment; but in this we were not sustained by the Supreme Court. Moon Bros. Carriage Co. v. Waxahachie Grain & Implement Co., 35 S. W. Rep., 337, 1047. The Supreme Court has gone so far as to say that this doctrine is a rule of public policy in this State. Fowler v. Bell, 35 S. W. Rep., 822. It is with us and the other courts of this State to accept this decision and give it full force and effect. The doctrine as applied to this case made this claim a part of a trust fund for creditors, and no creditor could acquire a lien on it, or appropriate it by garnishment or otherwise, and defendants are not protected by the judgment accomplishing this, to which the assignee was not a party.

We are not unmindful of the different attitude the assignee of a corporation in this State would sustain in the State of Illinois, in a similar case. In that State it is held that a foreign assignment has no operation there, as against the interest of local creditors. Heyer v. Alexander, 108 Ill., 385. And, in reference to the trust fund theory, the courts of that State hold that it does not affect a creditor's right to secure a preference by pursuing statutory remedies. Rosebloom v. Whitaker, 132 Ill., 81.

The copy of the deed of assignment should not have been admitted in evidence. The objection that it was a copy, and not the original, and that no reason was given why the original was not produced, was well taken. In the absence of any showing that it was lost, or had become an archive, so that the original could not be procured, secondary evidence of its contents was not admissible. Harvey v. Edens, 69 Texas, 424. But other evidence was allowed to go in without objection, showing that the corporation had made an assignment to plaintiff. We find that defendants' answer in the garnishment case referred to C. J. L. Meyer & Sons Company as defunct. Brice, one of defendants, testified that he was informed before he filed said answer that C. J. L. Meyer & Sons Company had failed, and made an assignment, and that before judgment in that proceeding he knew it had made an assignment from other sources. C. J. L. Meyer testified as follows: "It is true that I made an assignment, as asked; that is, C. J. L. Meyer & Sons Company made an assignment to James B. Goodman, the plaintiff." From this uncontradicted evidence, and disregarding the copy introduced, the judge's conclusion of fact that the C. J. L. Meyer & Sons Company made an assignment to plaintiff, and that their assets passed

to him, is sustained.    There is ample proof in the record that C. J. L.
Meyer Sons & Company was a corporation.    And, independently of
what has just been stated, the plaintiff sued in the capacity of assignee,
under a statutory general assignment for creditors; and according to
article 1265, Sayles' Civil Statutes, defendant, it seems, should have de-
nied the capacity by pleading verified by affidavit, in order to raise an
issue thereon.

The judgment is affirmed.                                    *Affirmed.*

### ON REHEARING.

We see no reason for changing our holding that it was not necessary
for a plaintiff foreign corporation, doing business in this State, to
allege and prove compliance with the statute requiring it to file its char-
ter and obtain a permit.    At best, the statute only incapacitates the
corporation, not having done so at the time the cause of action arose,
from maintaining the action.    The statute does not prescribe any rule
of pleading, and it would require special provision to render it neces-
sary for such corporations to allege compliance with the law, in order
to state a cause of action, in view of another statute we have, which
requires the defendant in all cases to plead under oath the fact that
plaintiff has not legal capacity to sue.    Revised Statutes, 1895, art.
1265.    Even without this statute, we think that the correct rule would
require the defendant to set up the matter as a defense, for reasons
given in an opinion this day delivered by us in Allen v. Buggy Co., 40
S. W. Rep., 740.

It does appear from the evidence that C. J. L. Meyer & Sons Com-
pany was a corporation, and that it had failed and made an assignment
to James B. Goodman, assignee.    In the absence of any further show-
ing, this would imply a general assignment of its assets for creditors.
Brice, one of the firm of L. Miller & Co., testified that he made the
answer in the garnishment suit of A. C. Petri & Bro., and knew before
that time that C. J. L. Meyer & Sons Company had made an assignment,
and this answer states that the debt was due "to C. J. L. Meyer & Sons
Co. or assignees."

The defendant, having paid the judgment rendered in the garnish-
ment, would not be required to pay it to the assignee, if it had brought
the facts known to its members to the attention of the court, in
such manner as to have informed the court of its situation.    A gar-
nishee is not protected by every judgment he allows to be rendered
against him.    If he knows of an assignment of the debt, he may make
the assignee a party, and throw on him the burden of defending the
garnishment.    If this is not or cannot be done, the garnishee is not ex-
cused from disclosing the facts known to him, and presenting them in
such form that the court may act on them.    If he does this, though the
court may err in its judgment, he will be protected.    The fact that an

assignee is a non-resident cannot, we think, make any difference in this rule.   Shinn on Attachment and Garnishment, secs. 719, 716, 720.

What was done in this case?   Miller & Co. answered admitting the debt due "to the C. J. L. Meyer & Sons Co. or assignees."   The judgment discloses that, after filing this answer, they "appeared not."   This was no real effort to bring before the court the fact, known to the garnishee, that the claim had been assigned.   The answer did not affirmatively state that it had been assigned.   The court could not have been expected to render any other judgment, under these circumstances.   We are, therefore, still of opinion that the judgment constituted no bar to an action by the assignee.

Our mind is also satisfied that the District Court did not err in holding that the circumstances were such as to show that the C. J. L. Meyer & Sons Company remained the owner of the claim, and that the assignee was entitled to collect it.

The motion is overruled.                          *Rehearing denied.*

March 3, 1897.


### ON REHEARING.

This court, of its own motion, ordered a rehearing, and certified to the Supreme Court a question as to the necessity of plaintiff's alleging and proving compliance on the part of the corporation with our statute requiring foreign corporations to obtain a permit to do business in this State.   The ruling of the Supreme Court was that the transaction in question was interstate commerce, and the statute had no application.   This does not work any change in our holding that it was not essential for plaintiff to make the allegation and proof.   We adhere to our other conclusions.   (91 Texas, 41.)

The motion is overruled.                          *Rehearing denied.*

Writ of error refused.

June 24, 1897.