SHAENFIELD et al. v. HALL SAFE & FIXTURE CO.

(Court of Civil Appeals of Texas. San Antonio. May 14, 1913. On Motion for Rehearing, June 4, 1913.)

1. SALES (§ 23*)—CONSTRUCTION OF CONTRACT —ACCEPTANCE.

A clause in an order that it was subject to the seller's approval, and that nothing but shipment or delivery should constitute an acceptance by the seller, was for the seller's benefit, and, notwithstanding such provision, he might accept the order in some other way.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 44–48; Dec. Dig. § 23.*]

2. SALES (§ 23*)—TERMS AS TO ACCEPTANCE— WAIVER.

Where alterations were made in the safe at the request of the buyer, there was an acceptance of the order, though the safe was not shipped at once because the buyer requested the seller not to ship it, and the buyer could not thereafter revoke his order, as the provision that acceptance should be by shipment or delivery was waived by both parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 44–48; Dec. Dig. § 23.*]

3. SALES (§ 384*) — SELLER'S ACTION AND DAMAGES—MEASURE OF DAMAGES.

Where a safe was not completed when the buyer's order was countermanded, the seller could not recover the contract price, but only the difference in its value at the place of manufacture when the cancellation of the order was received and the contract price, not including the freight and storage on the safe thereafter shipped.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

4. COMMERCE (§ 46*)—REGULATION—SALES OF GOODS.

A foreign corporation engaged in interstate commerce may not be controlled by the foreign corporation laws of this state.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 100, 113, 126; Dec. Dig. § 46.*]

5. SALES (§ 384*)—CONSTRUCTION—COUNTERMAND OF ORDER.

A clause in a contract of sale denying the buyer's right to countermand the order did not impose an additional burden or liability on the buyer, who had no right to breach the contract in the absence of such clause and whose breach had the same effect with it as without it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

Appeal from Bexar County Court for Civil Cases; Geo. W. Huntress, Judge.

Action by the Hall Safe & Fixture Company against Abe Shaenfield and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Lytle & Brown, of San Antonio, for appellants. Arnold & Carl, of San Antonio, for appellee.

FLY, C. J. This is a suit for $505.27, instituted by appellee, alleged to be due for a safe and freight and storage. The suit was brought against Shaenfield Bros. & Co., composed of Abe Shaenfield, Sam Shaenfield, and Dave Shaenfield. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $455.60. The suit was based on an order made by appellants on appellee, for a certain fireproof safe. In the order was the clause: "This order is given subject to your approval and nothing but shipment or delivery shall constitute an acceptance of same by Hall Safe & Fixture Company." The order was dated September 13, 1910. On October 10, 1910, appellants requested a change in the cabinet work, and that when completed the safe be held ready for shipment upon advice of appellants. Appellee sent appellants a guaranty that the safe was fireproof, which appellants approved on October 19, 1910. On November 16, 1910, appellants sent a message by telegraph to appellee to cancel the order for the safe, which was refused by appellee, and on November 29th the safe was shipped from St. Louis to San Antonio by appellee. Appellants refused to receive and pay for the safe.

[1, 2] The clause in the contract as to what should constitute acceptance of the order was for the benefit of appellee alone, and if it saw proper to accept the order in some other manner it had the power and authority to so accept. This was evidently done with the knowledge and consent of appellants, for

the correspondence shows that pursuant to the order the safe was being manufactured, changes were made in it at the instance and request of appellants, and a guaranty of the fireproof condition of the safe was sent by appellee and approved by appellants. The safe was not shipped at once because appellants requested appellee not to ship it because appellants were about to move their business in San Antonio from Soledad to Flores street and did not wish to receive it until they got into their new place of business. The provision in the contract as to acceptance was for the benefit of appellee and cannot be used by appellants as an excuse for their refusal to comply with the terms of the contract. If it could have been so used, it was destroyed as an excuse by the waiver of its terms by both parties. The sale made by the agent was ratified and accepted by appellee. If there was any delay in the shipment, it was caused by the request of appellants, and the revocation of their promise was made after the contract had been accepted by appellee. Williams v. Rogan, 59 Tex. 438; Railway v. Neeley, 64 Tex. 344.

[3] It was shown by appellee that "the cabinet work on this safe was elaborate and had to be specially made at the factory and was partially completed when the telegram countermanding order was received." There can therefore be no question that the safe was not completed when the order for it was countermanded, and under that state of facts appellee could not recover for the contract price of the safe, but the measure of damages would be the difference in the value of the safe at the place of manufacture when the notice of cancellation of the order was received, and the contract price. That measure of damages rests on the rule, as stated in different text-books, that "where the contract of sale is executory and for an article which is not in existence at the time of sale, but is to be manufactured or made or is to be grown, no property therein passes to the vendee until the thing is not only completely finished and ready, but is either actually delivered to him, or at least is set aside and appropriated to him and accepted by him." That rule has been approved in several Texas cases. Gammage v. Alexander, 14 Tex. 420; Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165. In the case last cited the appellees had ordered from appellant a "soda water apparatus." They lived in Brownwood, Tex., appellant lived in Massachusetts, and the apparatus ordered had to be manufactured after the order was given, and the articles were completed and shipped on June 4, 1885. Before they were shipped, on June 2, 1885, appellees notified appellant by wire not to send the soda fountain. The articles ordered at that time had been completed, and nothing remained to be done except to connect some inside parts and test the apparatus and pack it. The fountain was made to order for appellees. The goods were shipped two days after the telegram was received, and appellees refused to accept them, and appellant sued appellees for the contract price, and a verdict and judgment were rendered in favor of appellees. The Supreme Court held: "The telegram sent by appellees on the 2d day of June and received by appellant before the goods were ready for delivery was a repudiation of the contract. After it was received appellant had no right to proceed with the performance or to recover the contract price as if the property in the goods had passed to the appellees. His remedy was to sue for damages for breach of contract, and he was entitled to recover the difference between the contract price and the value of the goods in the condition they were in when he received the notice at the place of their manufacture."

In the case of Tufts v. Stuart, 23 S. W. 834, this court, in a similar case, held: "Plaintiff, under the facts in this case, could not recover the contract price of the goods from defendants; but he was entitled to recover all damages that accrued to him up to the time of the repudiation of the contract. The goods were to be manufactured after the order was received, and it has been uniformly held that, where goods are to be manufactured after an order is received, the contract is an executory one, and no title would pass until the article is not only completely finished and ready, but is either actually delivered to the vendee or at least set aside and accepted by him."

The foregoing cases fix the measure of damages applicable to this case, and the court erred in instructing the jury that they should find for the contract price and storage account. Appellants are not liable for the freight or storage, or any other sum which may have accrued after the message of repudiation of the contract was received by appellee. It had no right to ship the goods and incur any additional expense, but should have endeavored to decrease rather than increase the damages after the message was received. The measure of damages is the difference in value of the safe when the message was received and the contract price. Appellants are entitled to recover that amount, whatever it may be, and nothing more.

[4] There is no merit in the contention that appellee, being a foreign corporation doing business in Texas without a permit, could not prosecute this suit. Appellee was engaged in interstate business, and was not controlled by the foreign corporation laws of Texas. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718; s. c., 15 Tex. Civ. App. 244, 40 S. W. 743; Woessner v. Cottam, 19 Tex. Civ. App. 611, 47 S. W. 678; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857.

[5] The clause in the contract denying the right to appellants to countermand the order did not impose any additional burden or lia-

bility on appellants. They had no right to breach the contract in the absence of that clause and the breach had the same effect with it as without it. Appellants are liable for damages for breach of the executory contract, and could breach it in spite of any clause in the contract to the contrary.

The other questions raised by appellants are immaterial. In fact, the only question in the case is the amount of damages sustained by appellee by a breach of the contract, which it may recover under proper amendments of its petition.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

The opinion of this court is not in conflict with the case of Palestine Ice & Fuel Co. v. Walter Connally & Co., 148 S. W. 1112, decided by the Court of Civil Appeals of the Sixth Supreme Judicial District. In that case there was an order by appellant on appellee for machinery; the contract price being $2,400. Appellant countermanded the order at a time when the machinery was completed, but was not quite ready for shipment, and appellee sued to recover the damages arising from a breach of the contract, and not, as appellee herein did, for the contract price of the machinery. In that case the manufacturer recovered the difference between the contract price and the price for which the machinery was sold, amounting to $1,102. The court, in affirming the judgment, held: "From the facts found by the trial court, it appeared that the ownership of the machinery never passed to appellant (citing the cases cited by this court). Therefore, when appellant by its letter of May 23d countermanded its order for the machinery, it exercised a right it possessed, subject to an obligation it thereby incurred to pay to appellees the damages they thereby suffered." In that case the court also held that appellee could have treated the property as that of appellant and sold it and then recovered the difference between that price and the contract price. It is not held that appellee could ship the machinery to the appellant and then recover the contract price for it as was done in this case. The opinion in that case is in perfect harmony with the opinion in this.

The motion for rehearing is overruled.