## STADTLER v. SOUTHERN SURETY CO.
### (No. 7749.)

(Court of Civil Appeals of Texas. Galveston. June 12, 1919. On Motion for Rehearing by Defendant in Error, June 30, 1920. On Motion for Rehearing by Plaintiff in Error, Oct. 14, 1920. Motion Dismissed by Agreement.)

1. **Insurance** ⬅⟹144(1)—**Insured acquiescing in change of policy and accepting additional benefits held liable for additional premiums.**

Where one insured against liability for injuries to his employees was informed by letter that, due to additional liabilities under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), he would be obliged to pay additional premiums, and he acquiesced in the change and received benefits under it, he became liable for the additional premiums.

2. **Limitation of actions** ⬅⟹24(2)—**Action on contract for delinquent insurance premiums held based on written contract.**

Where insurer by letter notified insured that, because of additional liability under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), the amount of premiums would be increased, and insured made no objection, *held*, that the cause of action for delinquent insurance premiums was based upon a written contract acquiesced in and acted upon by defendant, and hence was not barred by the two-year statute of limitations.

3. **Corporations** ⬅⟹672(7)—**Assignee of foreign corporation suing on contract made in state must both allege and prove a permit to do business.**

A foreign corporation suing on a contract made in the state must allege and prove that it had a permit to do business required by Ver-

non's Sayles' Ann. Civ. St. 1914, art. 1318, and it cannot transfer to another corporation any greater right than it had to enforce its cause of action; and hence an allegation that it has a permit, without proof to sustain it, cannot support a judgment in favor of its assignee, and the statute providing that an allegation of incorporation shall be taken as true unless denied under oath cannot be extended and applied to the allegation as to a permit.

### On Motion for Rehearing by Defendant in Error.

4. **Insurance** ⬅⟹26—**Action by assignee of foreign insurance company held not precluded because permit to do business in state not shown.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1319, exempting foreign corporations that are required by law to procure certificates of authority to do business from the commissioner of insurance and banking from compliance with article 1318, requiring foreign corporations to secure permits to do business within the state, an action by the assignee of a foreign insurance company for premiums due is not barred merely because such company's permit to do business is not proven.

Error from Harris County Court; W. E. Monteith, Judge.

Action by the Southern Surety Company, as assignee of the Southwestern Surety Insurance Company, against John Stadtler. Judgment for plaintiff, and defendant brings error. Affirmed, and motion for rehearing passed to await answer of Supreme Court to certified question.

Love, Wagner & Wagner and Elwood Fouts, all of Houston, for plaintiff in error.

Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by the Southern Surety Company as plaintiff in error to recover the sum of $245.76 alleged to be due the surety company by Stadtler as premiums upon a policy of insurance issued by the Southwestern Surety Insurance Company to him on April 23, 1913, whereby said company undertook, for an agreed consideration, to indemnify Stadtler against loss and expenses arising from any claims against the assured for damages on account of bodily injuries accidentally sustained or claimed to have been sustained by any employés of the assured while engaged in the prosecution of the work or business of the assured, described in the petition, during the year ending April 23, 1914.

Plaintiff's petition alleged, in substance, that the Southwestern Surety Insurance Company was a corporation organized under the laws of the state of Oklahoma, and had a permit to do business in Texas on April 23, 1913, and that plaintiff, the Southern

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Surety Company, on December 31, 1915, "took over" all of the assets of the Southwestern Surety Insurance Company and assumed all of its obligations, thereby becoming the lawful assignee of said company and the rightful owner of this cause of action; that "by express indorsement upon the policy it was not to cover any obligation assumed or imposed upon the assured under any workman's compensation law, unless the policy was extended by indorsement to cover such obligations"; that the policy also contained a clause whereby it could be canceled prior to the expiration thereof by either of the parties thereto; and that, as shown on the face of said policy the premium compensation agreed upon and to be paid for said insurance was $2.30 upon each $100 of the payroll of the assured arising out of the conduct and operation of his business.

It was further alleged that on September 1. 1913, the Workmen's Compensation Act of the state of Texas (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), went into effect and thereby increased the legal liability of the defendant to his employés; that on September 10, 1913, said insurance company gave notice in writing to Stadtler that, in view of the increased hazard imposed upon him by the passage of said Workmen's Compensation Act, the policy would be canceled by the company unless he agreed to an increased premium rate, and that said company attached to such written notice "and thereby delivered an indorsement providing for the increased rate on each $100 on defendant's wage expenditure, from September 1st until the expiration of the policy, of $4.-50 instead of $2.31, and said policy was extended to cover the liability of defendant under said Workmen's Compensation Act and was continued in force, and thereupon defendant, John Stadtler, promised to pay said company $4.50 per $100 of his wage expenditure, and the policy was not canceled, but remained in full force and effect, protecting defendant, John Stadtler, against the increased risk to him by reason of the aforesaid act of the Legislature"; that after the receipt by defendant of said notice and written indorsement, "which was to be attached to his policy and become a part thereof," defendant agreed and acquiesced in said indorsement, notice, and increase of premium, and mailed to said company as provided by said policy a schedule of wages paid by him, and also sent said company notice of an injury occurring to one of his employés subsequent to September 1, 1913, and prior to April 23, 1914, "and by his actions evidenced his intention and agreement to pay such increased premium, and thereafter continued to receive and operate under the benefits of said policy on the basis of the premium stated in the indorsement, which policy, under the new rate and new and increased risk,

continued in full force and effect from September 1, 1913, to April 23, 1914"; that, by virtue of the terms and provisions of said policy and its said indorsements so made a part thereof, the defendant became bound and obligated, "in consideration of the indemnity by said policy provided, to pay the agreed premium therefor at the rate of $4.50 per $100 upon his payroll, as hereinbefore alleged, amounting in the aggregate to $320.-76, but that on such amount defendant has paid and is entitled to a credit of $75, leaving a balance due originally to said Southwestern Surety Insurance Company, but now owing to plaintiff, of $245.76, which amount, or any part thereof, although often requested, said defendant has wholly failed and refused to pay, to plaintiff's damage in the sum of $300."

The defendant answered by general demurrer, special exceptions, general denial, plea of limitation of two years, and further specially pleaded, in substance:

"That, if any such policy of insurance as was alleged in plaintiff's petition was ever executed and delivered as alleged, the same constituted a written contract between the Southwestern Surety Insurance Company and plaintiff in error by the terms of which said insurance company undertook, for the consideration expressly agreed upon and plainly set forth in said policy, to indemnify him against loss or damage arising from claims upon or against him for damages on account of injuries accidentally sustained or suffered by his employés during the term covered by said policy, and that the compensation agreed upon and definitely fixed by the terms of said policy was a premium rate of $2.30 per $100 of his pay roll, and that before and at the time of the insurance of said policy a rider or stipulation was attached thereto and made a part thereof, by the terms of which it was provided that on the 1st day of August, 1913, and at the expiration of each three months thereafter until the expiration of the term of said policy, plaintiff in error should render a statement to said insurance company showing the full amount of compensation earned by his employés engaged in the occupation described in said policy during the preceding three months, and should pay to the company the entire premium at the rates set forth in said policy; that plaintiff in error, at the time of the execution of said policy, paid to said insurance company the sum of $75 as a part of the consideration therefor, and said policy continued in force and was never changed or modified or altered by or through any agreement on his part, and if any effort was made by said insurance company to alter or change said contract the same was without the consent of plaintiff in error and was not binding upon him; that plaintiff in error never at any time did any act which was intended by him to change or modify said contract, or to consent to any change or modification thereof, but that he has at all times maintained and insisted upon his rights under said policy as the same was written, and that said policy had never been in fact or in law changed or modified, and that he

had never made any other contract in lieu or substitution thereof."

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for the amount claimed in the petition.

We shall not set out or discuss the numerous assignments of error presented in appellant's brief.

The general demurrer was properly overruled, and if there was any error in the rulings of the court upon the special exceptions as the facts were developed upon the trial, such error became harmless.

[1] There was no error in the rulings upon the admission of evidence, and we think the evidence sufficient to sustain the finding that the plaintiff in error received the letter written by the insurance company containing the indorsement extending the policy to cover liability under the Workmen's Compensation Act, and informing him of additional premiums that he would be charged therefor, and that unless he accepted such change in the policy it would be canceled by the company. Having acquiesced in this change in the policy and thereafter recognized and acted under it and received the benefits thereof, he should be held to have agreed to pay the additional premium.

[2] We are also of opinion that plaintiff's cause of action, being based upon a written contract, acquiesced in and acted upon by the defendant, was not barred by the two-year statute of limitation.

[3] By his sixth assignment of error plaintiff in error assails the judgment on the ground that the evidence fails to show that the Southwestern Surety Insurance Company had a permit to do business in the state of Texas when it made the contract sued upon, and in the absence of such showing no judgment can be rendered in favor of the assignee of said company.

The contract of insurance upon which defendant in error's suit is based was executed in this state by a foreign corporation, and there is no evidence showing that at the time the contract was executed said corporation had a permit to do business in this state as required by our statute. It has been expressly held by our Supreme Court that it is a condition precedent to the right of a foreign corporation to recover a judgment in the courts of this state, upon a contract made here and which does not affect interstate commerce, to allege and prove that at the time the contract was entered into such corporation had complied with our statute and obtained a permit to do business in this state. Taber v. Interstate B. & L. Association, 91 Tex. 92, 40 S. W. 954. We do not think the statute is susceptible of any other construction. Its language is as follows:

"No such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter in the office of the secretary of state for the purpose of procuring its permit." Article 1318, Vernon's Sayles' Civil Statutes 1914.

The assignor of appellee could not transfer to appellee any greater right than it had to enforce its cause of action. It would be a clear evasion and practically an annulment of the statute to permit an assignee of a foreign corporation to enforce contracts made by the corporation in violation of the statute. Appellee recognized the necessity of showing that its assignor had an enforceable cause of action by alleging that it had a permit to do business in this state at the time the contract was made, but this allegation, without proof to sustain it, cannot support the judgment.

The statute which provides that in pleading the charter of a corporation it shall not be necessary to set out the act of incorporation at length, but that it shall be sufficient to allege that such corporation was duly incorporated, and such allegation shall be taken as true, unless denied by the affidavit of the adverse party, cannot be extended and applied to an allegation that a foreign corporation has a permit to do business in this state, in the face of the Supreme Court's holding that proof of the permit is a condition precedent to the right of a foreign corporation to maintain a suit in this state.

Other cases which we think support these conclusions are Rexall Drug Co. v. Butler Bros. (Tex. Civ. App.) 185 S. W. 989; Chapman v. Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969. The case of Miller v. Goodman, 15 Tex. Civ. App. 244, 40 S. W. 743, apparently announced a different rule in direct conflict with the opinion of the Supreme Court in the Taber Case, supra. It appears, however, from the opinion in the Miller Case, that the accounts which had been assigned by the foreign corporation were for the value of merchandise sold the defendant, and the facts in the case disclosed in the opinion indicate that the transaction was interstate commerce, and on this ground the writ of error was refused by the Supreme Court. But, be this as it may, we feel constrained to follow the rule announced in the other cases above cited.

It follows, from what has been said, that the judgment of the court below must be reversed and the cause remanded; and it has been so ordered.

Reversed and remanded.

### On Motion for Rehearing by Defendant in Error.

[4] In our original opinion herein we reversed the judgment of the court below and remanded the cause for a new trial because the evidence failed to show that the South-

western Surety Insurance Company, which made the contract upon which this suit is based and which is a foreign corporation, had a permit to do business in this state as required by article 1318, Vernon's Sayles' Civil Statutes. In reaching this conclusion we overlooked article 1319 of said Statutes, which was not called to our attention by either the plaintiff or defendant in error. This latter article expressly exempts from the operation of article 1318:

"Such corporations as are required by law to procure certificates of authority to do business from the commissioner of insurance and banking."

The Southwestern Surety Insurance Company being a corporation which was required by law to procure a certificate of authority to do business from the commissioner of insurance and banking, such corporation was not subject to the provisions of article 1318, and we erred in reversing the judgment of the court below on the ground that the evidence failed to show a compliance with said article by such corporation.

We cannot agree with the contention of plaintiff in error that, because the Southwestern Surety Insurance Company was a foreign corporation and it is not shown to have had a certificate of authority to do business in this state at the time the contract was made, defendant in error, who had such permit and who took over and carried out the obligations of said contract, cannot maintain this suit, notwithstanding the provisions of article 1319, exempting defendant in error from the inhibition of article 1318.

Plaintiff in error received the benefit of the contract made by him with the Southwestern Surety Insurance Company, which contract was assigned by that company to defendant in error, and the obligations of the Southwestern Surety Insurance Company having been fully performed by defendant in error, plaintiff in error cannot avoid his obligation to perform his part of said contract on the ground that the Southwestern Surety Insurance Company is not shown to have had a certificate of authority from the commissioner of insurance and banking to do business in this state at the time said contract was entered into.

The motion for rehearing is granted, our former judgment herein set aside, and the judgment of the court below affirmed.

### On Motion for Rehearing by Plaintiff in Error.

In our opinion filed herein on motion for rehearing presented by defendant in error we say:

"Plaintiff in error received the benefit of the contract made by him with the Southwestern Surety Insurance Company, which contract was assigned by that company to defendant in error, and the obligations of the Southwestern Surety Insurance Company having been fully performed by defendant in error, plaintiff in error cannot avoid his obligation to perform his part of said contract on the ground that the Southwestern Surety Insurance Company is not shown to have had a certificate of authority from the commissioner of insurance and banking to do business in this state at the time said contract was entered into."

We were in error in stating that the obligations of the Southwestern Surety Insurance Company under the original contract of insurance were fully performed by the defendant in error. A more careful examination of the record discloses that the contract of insurance, which by its terms was to continue for a period of one year, beginning April 23, 1913, had terminated prior to the assignment by the Southwestern Surety Insurance Company to the defendant in error and the assumption by defendant in error of the contracts and obligations of said company. Such being the facts, the judgment of the court below cannot be sustained on the theory that defendant in error performed any part of the contract of insurance made by the Southwestern Surety Insurance Company, and the paragraph of our opinion above quoted is withdrawn.

The motion for rehearing has been passed to await the answer of the Supreme Court to the question of whether the judgment of the court below should be reversed because of the absence of any showing by the plaintiff below that the Southwestern Surety Insurance Company, at the time it made the contract of insurance, was authorized to do business in this state.