Kate Taber v. Interstate Building and Loan Association.

No. 559.—Decided June 3, 1897.

**Foreign Corporation—Must Plead and Prove Permit.**

A corporation of another State (a building and loan association) doing business through a branch office in Texas, must allege and prove that it had obtained a permit to do business here, as required by the statute, in order to maintain suit upon a demand accruing in Texas. (P. 94.)

QUESTION CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Tarrant County.

*Martin & Smith* and *Harris & Harris,* for appellant.—The court should have rendered judgment for appellant because plaintiff failed to show that it had filed with the Secretary of State a duly certified copy of its articles of incorporation, or had in any way complied with the Act of 1889 relating thereto.    Acts of 1889, p. 87; Lumber Co. v. Thomas, 22 S. W. Rep., 743; Keating Imp. Co. v. Favorite Carriage Co., 35 S. W. Rep., 417; Myers Man. Co. v. Wetzel, 35 S. W. Rep., 896; Huffman v. Western Mort. & Inv. Co., 36 S. W. Rep., 306; Western P. B. Co. v. Johnson, 38 S. W. Rep., 364.    Plaintiff must prove compliance affirmatively with statutes.    Cumberland Land Co. v. Canter Lumber Co., 35 S. W. Rep., 886; Smith v. State, 18 Texas App., 69.

In argument before Supreme Court on the certified question counsel further cited and discussed, Bank v. Jefferson, 22 S. W. Rep., 211; Cumberland Land Co. v. Canter Lumber Co., 35 S. W. Rep., 886; Myers Mfg. Co. v. Wetzel, 35 S. W. Rep., 896; Lumb. Co. v. Thomas, 22 S. W. Rep,, 743; Huffman v. W. Mort. & Inv. Co., 36 S. W. Rep., 306; Horn Silver Mining Co. v. State, 143 U. S., 305; Paul v. Virginia, 8 Wall., 168; Western Paper Bag Co. v. Johnson, 38 S. W. Rep., 364.

*Johnson & Edrington,* for appellee.—Appellant, one of the defendants below, could only take advantage of the provisions of the legislation invoked by plea in abatement.    The legal effect of her answer is to admit the right and capacity of plaintiff to sue, and plaintiff was not required to prove the legal capacity to maintain the suit.    Tinnin v. Weatherford, Dallam, 591; Rider v. Duval, 28 Texas, 624; Coles v. Perry, 7 Texas, 171; Clifton v. Lilley, 12 Texas, 134; Cheatham v. Riddle, 12 Texas, 112; Trammell v. Swan, 25 Texas, 474; Spann v. Glass, 35 Texas, 762; Yeaton v. Lynn, 5 Pet., 231; Livingston v. Story, 11 Pet., 393; Sheppard v. Graves, 14 How., 505; De Sobry v. Nicholson, 3 Wall., 420; Rev. Stats., 1895, art. 1265; 1 Chitty, Pleading, 446, 457, 460, 469, 472.

In Conard v. Ins. Co., 1 Pet., 450, Judge Story, in delivering the opinion of the court, says:    By pleading to the merits the defendants necessarily admitted the capacity of plaintiffs to sue.    If he intended to take the exception it should have been done by plea in abatement and omission so to do was a waiver of this objection."

In the case of Society, etc., v. Town of Pawlet, 4 Pet., 501, Judge Story says: "The general issue is pleaded, which admits the competency of plaintiffs to sue in the corporate capacity in which they have sued."

In the case of Pullman v. Upton, 96 U. S., 328, the court says: "It is well settled that in a suit by corporation a plea of the general issue admits the competency of the plaintiff to sue as such."

The weight of authority is to the effect that when a corporation sues and the general issue is pleaded such plea operates as an admission of

the plaintiffs' corporate existence and capacity as such to sue.   5 Ency.
Pl. & Pr., 78.

BROWN, Associate Justice.—The Court of Civil Appeals for the
Second Supreme Judicial District have submitted to this court the fol-
lowing statement and question:

"Whether it is necessary for a foreign corporation doing business
and having a branch office in this State to prove that it had a permit to
do business here at the time of making the contract out of which its
demand arose, as provided in Chapter 17 of the Revised Statutes, the
petition having alleged that fact and the defense being a general denial.

"To show the manner in which this question comes before us for
decision, we further certify that this suit was brought by the Inter-
state Building & Loan Association, of Columbus, Georgia, against
Kate Taber, to recover the amount of a promissory note, with fore-
closure of lien on a lot of land in Fort Worth, Texas, which the build-
ing and loan association claimed the right to recover by virtue of a con-
tract made here in May, 1895, the petition alleging, 'That plaintiff is a
private corporation duly incorporated and doing business under the laws
of the State of Georgia, with its principal office and place of business in
Columbus, Georgia, and that plantiff has a branch office at Fort Worth,
Tarrant County, Texas, and that at the times hereinafter mentioned it
had a permit to do business provided by its charter under the laws of
the State of Texas.' The defendant filed a general denial, but not under
oath.   The proof failed to show whether any permit had been obtained
by said association to do the business which it was transacting when
the contract was made upon which this suit was founded, no evidence
being offered upon that subject.   Judgment was rendered by the court
without a jury, in favor of the building and loan association, from
which this appeal is taken.

"The question certified is raised by appellant's first assignment of
error, as set forth in her brief, which, with the brief of appellee, is here-
with transmitted.   In addition to the authorities cited in these briefs,
as having some possible bearing upon the question, we respectfully refer
to the case of Holloway v. Railway, 23 Texas, 465, and 5 Ency. Pl. &
Pr., pages 77 and 83, cited by us on the margin of appellee's brief."

To the question propounded, we answer that it was necessary for the
corporation (plaintiff below) to prove that it had a permit to do business
in Texas at the time that the contract sued upon was made, in order
that the court might enter judgment in its favor.

Art. 745, Rev. Civ. Stats., provides, in substance, that every cor-
poration for pecuniary profit organized or created under the laws of
another State which desires to transact business in this State, or to
solicit business in this State, or which desires to establish a general or
special office in this State, shall be required to file with the Secretary or
of State a duly certified copy of its articles of incorporation.

Art. 746, Rev. Stats., reads as follows:   "No such corporation can

maintain any suit or action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made or tort committed the corporation had filed its articles of incorporation under the provisions of this chapter in the office of Secretary of State for the purpose of procuring its permit."

Every State has the right to prescribe the terms upon which any corporation created in another State or foreign country may do business within its limits, and may exclude such corporations entirely, with the exception of corporations engaged in interstate commerce or such as are employed by the United States in the transaction of its business.

Under this rule of law—about which there is no controversy—this State had the right to adopt such measures as it thought fit, to enforce the provisions of its law which required foreign corporations to deposit the articles of their incorporation with the Secretary of State. And the Legislature having seen fit to prescribe as a condition to the maintenance of suits in its courts that such compliance should precede the transaction of business in the State, it follows that the filing of its articles of incorporation with the Secretary of State is a condition precedent to the maintenance of suit upon any contract or right of action accruing to such foreign corporation; and, it being a condition precedent, the fact must be both alleged and proved, to entitle the corporation to judgment in such case. Cumberland Land Co. v. Canter Lumber Co., 35 S. W. Rep., 886; Mullens v. American Freehold Land Mortgage Co., 88 Ala., 280; Thorne v. Travelers' Ins. Co., 80 Pa. St., 15; Paul v. Virginia, 8 Wall., 168; Holloway v. Railway, 23 Texas, 465.