## W. M. LEA ET AL. v. UNION CENTRAL LIFE INSURANCE COMPANY.

Delivered December 4, 1897.

**1. Parol Evidence—Written Contract—Insurance Agency.**

Parol evidence that an insurance company negligently failed to collect, or to allow the agent to collect, certain premium notes, does not vary a written contract providing that the agent shall be entitled to one-half the first annual premiums as commissions when the notes shall be collected.

**2. Insurance—Recall of Policy—Agent's Commission.**

An insurance company, by arbitrarily recalling a policy, because not taken and paid for promptly, can not destroy its agent's anticipated interest in the first premiums which should be paid on the policy.

**3. Same—Contract with Agent—Waiver.**

The provision of a contract between an insurance company and its agents that premium notes taken by the latter should be sent to the former monthly is waived where the agents report and send the notes to the company as soon as taken, not waiting until they mature, and they are accepted and held by the company, without objection to receiving them before the time expressed in the contract.

ON REHEARING.

**4. Same—Same—Breach—Justification—Burden of Proof.**

An insurance company seeking to justify its withdrawal of its policy, thereby depriving its agent of his interest in the anticipated premiums, by a provision thereof allowing it to recall the same if not delivered within thirty days from its date, must allege and prove that the recall was after the expiration of thirty days; and the agent is not bound to negative a recall within that period.

**5. Foreign Corporation—Permit to do Business—Insurance Company.**

A foreign life insurance corporation, being required to procure a certificate of authority to do business from the Commissioner of Insurance, is especially excepted from the operation of the statute requiring foreign corporations to plead and prove that they have a permit from the Secretary of State to do business in the State.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*Wolfe & Hare,* for appellants.

*F. B. Dillard,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—The appellants (defendants below) pleaded in offset and counter-claim that the appellee (plaintiff below) negligently failed to collect, or allow them to collect, certain premium notes, one-half of which when collected was to belong to them and the other half to the company, for which they were acting as agents in soliciting and procuring persons to purchase life insurance in the plaintiff company.

The contract of agency provided that 50 per cent of the first annual premiums should be paid to the agents as their commissions, when the notes should be collected, and 5 per cent of all subsequent premiums paid to the company. The evidence offered and excluded by the court tended to prove that the company issued policies to the parties, accepted their notes for the first premiums, and negligently failed to collect same or allow appellants to do so, though the parties were solvent and the notes could have been collected by the use of ordinary and proper diligence. The ground of objection was that the evidence varied the written contract put in evidence by appellee. We think the evidence was admissible under the allegations of appellants.

The court also excluded evidence tending to prove that the agents (appellants) procured one Addington to take out a policy in the company, and upon his application, medical examiner's report, etc., he was accepted by the company and the policy was issued to him and sent to a bank to be delivered to him. He being away from home on business, and not knowing that the policy was awaiting him, the company recalled it, it seems, because not taken and paid for promptly, no other reason appearing. Upon his return home he was informed of the issuance and recall of the policy, and was willing and offered to take the policy and pay the premium, and the appellants so notified appellee, but the company failed and refused to return the policy, and the agents' one-half interest in the premium was thus lost to them.

We think this evidence ought to have been admitted. The matter had been properly pleaded, and we think that the proffered evidence tended to show that the agents had an earned interest in the premium which could not arbitrarily be thus disposed of by appellee. If a mistake had been made, and it were shown that he was accepted by mistake, or by

fraud either on the part of the agents or by the assured, which being discovered the company by reason thereof declined to execute the contract, or any other good reason shown for the rejection, it would be different; but no such case as this is pleaded or proved.

The written contract put in evidence by appellee showed that premium notes taken by appellants were to be sent to appellee monthly, but appellants offered to prove that the notes in controversy had been reported and sent to appellee as soon as taken, not waiting until they matured, and had been held by it and not collected nor attempted to be collected. This evidence was excluded because varying the written contract. We think that if the appellee accepted and held the notes, and failed to object to receiving them before the time expressed in the contract, it waived the provision of the contract, and that the evidence ought to have been admitted.

The jury were charged peremptorily to find a verdict for appellee, which is complained of. With the evidence above referred to all admitted, of course, the court would not give such a charge; and we think it unnecessary to notice the assignment complaining of the charge of the court.

It is urged here also by an assignment that this charge was erroneous, because the appellee having alleged itself to be a foreign corporation doing business in this State under a permit from our Secretary of State, and having failed to make proof of such allegation, when a general denial thereof had been filed by the defendant, it could not recover. We think this assignment too is well taken. Tabor v. Building and Loan Association, 40 S. W. Rep., 954.

For the reasons above given, we think the judgment in this case ought to be reversed and the cause remanded for a new trial; and we make the order accordingly.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

January 8, 1898.

HUNTER, ASSOCIATE JUSTICE.—Appellee's counsel calls our attention to a provision in the contract requiring all policies issued and not delivered within thirty days from their dates to be returned to the company, and in the event of such return the agents were to charge themselves with the medical examiner's fees, and insists, under this clause, that the evidence relating to the Addington policy was properly excluded by the County Court, unless appellants had proved that the policy was recalled by appellee before the expiration of the thirty days.

We are unable to determine from the record whether it was recalled before the expiration of the thirty days or afterwards. If before, unless for some good reason, we think the appellee would be liable as indicated in the original opinion; but if afterwards, we are inclined to think that

this fact ought to be set up and proved by the appellee, it being in avoidance of appellants' right to recover under another and different clause of the contract.

It seems that we were in error in holding that the appellee, in order to recover, should plead and prove that it had a permit from our Secretary of State to do business in this State, as required by articles 745 and 746 of our Revised Statutes. The appellee being a life insurance corporation, and required by chapter 3, title 58, Revised Statutes, to procure a certificate of authority to do business in this State from the Commissioner of Insurance, is especially excepted from the operation of articles 745 and 746 by article 747.

Otherwise adhering to our original opinion, the motion for rehearing is overruled.

*Rehearing denied.*