LATHAM CO. v. LOUER BROS. (No. 8154.)

(Court of Civil Appeals of Texas. Ft. Worth. April 10, 1915.)

1. CORPORATIONS ⬥673—FOREIGN CORPORATIONS—EVIDENCE—DOING BUSINESS WITHIN THE STATE.

In an action by a foreign corporation, evidence *held* to show as a matter of law, that plaintiff was not doing business within the state so as to be required to secure a permit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2534, 2535, 2557, 2558, 2650; Dec. Dig. ⬥673.]

2. CORPORATIONS ⬥673—FOREIGN CORPORATIONS—DOING BUSINESS WITHIN THE STATE—PERMIT—BURDEN OF PROOF.

Where the petition of a foreign corporation shows that it was engaged in business within the state, the burden is on it to show that it had obtained a permit to do business as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1318, providing that no foreign corporation can maintain any suit or action, in the state, unless at the time the contract was made or the tort committed, it had filed its articles of incorporation for the purpose of procuring its permit to do business; but where the petition and evidence of the corporation show that it was not doing business in the state, the burden is on the defendant to show that plaintiff was not entitled to maintain the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2534, 2535, 2557, 2558, 2560; Dec. Dig. ⬥673.]

3. EVIDENCE ⬥455 — PAROL — EFFECT IN WRITING—EXPLANATION OF BOOK ENTRY—AMBIGUOUS ENTRY.

In an action against a corporation on a note, where the defense was payment, and defendant had introduced its books showing that the entry of the note had been marked "Paid," it was not error to exclude testimony by the bookkeeper as to the meaning of the entry, since it was unambiguous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2104; Dec. Dig. ⬥455.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by Louer Bros., a foreign corporation, against the Latham Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Earl Conner, of Eastland, for appellant. J. T. Hammons and R. L. Rust, both of Eastland, for appellee.

BUCK, J. Judgment was recovered by plaintiff in a suit upon a note for $166.07, dated February 7, 1908, and due December 15, 1908, interest at 8 per cent. per annum, alleged to have been executed by the defendant Latham Company in favor of plaintiff. From the judgment in favor of plaintiff for the full amount sued for with interest, the defendant appeals.

Plaintiff alleged in its petition that it was a "private corporation organized under the laws of the state of Illinois, and residing and doing an interstate commerce business, selling and shipping general merchandise in and from Chicago to the state of Texas, and that its headquarters and place of business and offices are in said Chicago, and that it has not, nor never had, any office in Texas, nor place of business in Texas. * * * That the same has been true from long prior to the sale to defendant of the goods, wares, and merchandise for which the note herein sued for was delivered and executed till the present time." It further alleged that it had not procured a permit from the state of Texas, inasmuch as it was not required so to do under the law.

Defendant pleaded that plaintiff had no lawful right to maintain its suit under the laws of Texas, and prayed that same be dismissed, it being a foreign corporation engaged in and doing business in this state without a permit from this state. It further pleaded payment of the note sued on some time in the month of January, 1909.

[1] The first assignment is directed to the refusal of the court to submit to the jury defendant's requested instruction, submitting the question of whether or not plaintiff was a foreign corporation and doing business in the state of Texas at the time of the making of the note sued on and of the filing of this suit, and instructing a verdict for defendant in case the jury should find that it was a foreign corporation and doing business in the state at said time. The court instructed the jury that under the law and evidence plaintiff had a right to maintain this action without having procured from the secretary of state permission to do business in the state, and merely submitted the issue of whether payment of the note had been made. Harry B. Louer, secretary and treasurer of Louer Bros., and salesman for the company, testified that the note in question had been given by defendant for merchandise sold and delivered to the defendant, f. o. b. Chicago; that the plaintiff had "never had an office, general office, or headquarters in Texas," but that plaintiff's general office and headquarters were at 215 S. Market street, Chicago. He further testified:

"I have personally traveled in Texas, myself, and made my headquarters at San Antonio, but only for a limited time."

Frank A. Louer, another brother, upon this question testified:

"It (the company) has been represented in Texas by Mr. Louer personally as traveling agent. Plaintiff has never had an office or headquarters in Texas."

Charles H. Louer, another brother, testified:

"The note was made to Louer Bros. and was in payment for merchandise sold and delivered to the defendant. * * * Our Mr. H. B. Louer has made his headquarters in Texas, when doing business there. This was when acting traveling salesman. The general offices and headquarters are at 215 S. Market street, Chicago."

This seems to be the only evidence bearing upon this issue, and we believe the court was justified in instructing the jury that the plaintiff was authorized to maintain this suit without securing a permit from the secretary of state. Even though it might be reasonably said, which we question, that the testimony, to the effect, that when H. B. Louer was traveling in Texas he made his headquarters in San Antonio, raises the issue of whether, at that time, the plaintiff was "doing business" in Texas, yet there is nothing to show as to when he so made his headquarters in San Antonio with reference to the time when the goods were sold to defendant, or when the note was executed, or when the suit was filed.

[2] If the pleadings of plaintiff, reasonably construed, would have tended to show that it was doing business in Texas, then the burden of proof would have been on the plaintiff to show that it had complied with the laws of Texas with reference to a foreign corporation doing business in Texas, and the case of Kate Taber v. Interstate Building & Loan Ass'n, 91 Tex. 92, 40 S. W. 954, upon certified questions from this court, opinion by Justice Brown, so holds. But as the petition not only fails to disclose the doing of business in Texas by the plaintiff corporation, but absolutely excludes that idea, we do not believe that the mere allegation in defendant's answer would put the burden of proof on the plaintiff to establish this defensive matter; and since the testimony affirmatively shows, and practically without controversy, that this was an interstate shipment, we hold the trial court committed no error in refusing to give the special instruction requested by defendant, and in giving the instruction to the effect that plaintiff had the right to maintain its suit, as raised in the second assignment. Article 1318, Vernon's Sayles' Tex. Civ. Stat. 1914, provides:

"No such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort com-

mitted, the corporation had filed its articles of incorporation under the provisions of this chapter in the office of the secretary of state, for the purpose of procuring its permit."

This article only applies to foreign corporations that are doing business in this state, and when there is nothing in the petition filed by a foreign corporation from which it can be inferred that it is engaged in business in this state, or that the transaction out of which the cause of action arose took place within the state, it need not show that the plaintiff has a permit to do business in this state. The allegation and proof must be made by the defendant. Miller v. Goodman, 15 Tex. Civ. App. 244, 40 S. W. 743; Brin v. Wachusetts Shirt Co., 43 S. W. 295; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1047; Chapman v. Hallwood Cash Reg. Co., 32 Tex. Civ. App. 76, 73 S. W. 969. Since, in the state of plaintiff's pleadings, we believe that the burden of proof of the plaintiff's incapacity to maintain its suit was on defendant, and since moreover, the pleadings of plaintiff, as well as the uncontroverted testimony, support the contention that the transaction out of which the execution of this note grew was an interstate one, we overrule the first and second assignments.

[3] In its third assignment objection is urged to the exclusion of certain testimony on the part of O. E. Cannon, a witness for the defendant. This witness testified, by deposition, that he had been employed by the defendant company, during the period of maturity of the note sued on, as bookkeeper and cashier and looking after collections, and paying off all accounts and notes; that he had charge of the records submitted to him for examination, that the notations on the book were in his handwriting. He was then asked the question:

"If you have seen and inspected such entry, please state whether or not such note (the one in question) was paid? And if paid, by whom and about what time?"

He answered:

"Yes; I have examined the bills receivable and payable book of said company. It was during the year 1913. Personally I do not remember paying this note, but the records [were?] in my charge at the time and [contain the?] entry marked 'Paid.' "

The defendant offered the further answer of said witness as follows:

"Yes; the entry was marked 'Paid' in said book. It indicates that the note was paid, indicates that it was paid by me, and paid by me as agent, as indicated by entry on the books, either in the latter part of 1908 or early part of 1909."

If the term "paid" had been in any sense ambiguous in the connection in which it was used, then undoubtedly defendant would have been entitled to the explanation from the witness, who had made the entry of its meaning as used by him, but we do not think there is any ambiguity involved, and therefore this assignment is overruled.

The judgment is affirmed.