PECK–HAMMOND CO. v. HAMILTON INDEPENDENT SCHOOL DIST.
(No. 5547.)

(Court of Civil Appeals of Texas. Austin. Dec. 11, 1915. Rehearing Denied Jan. 12, 1916.)

1. CORPORATIONS ☞661—FOREIGN CORPORATIONS—RIGHT TO SUE.

Where plaintiff, a foreign corporation, failed to comply with the statute requiring the filing of articles of incorporation with the secretary of state, it could not maintain an action against defendant for money due under an executed contract to furnish and erect a steam heating plant for defendant school district, since Vernon's Sayles' Ann. Civ. St. 1914, art. 1318, provides that a foreign corporation can maintain no suit in the state for a right arising out of tort or contract unless at the time the tort was committed or such contract made, the corporation had complied with such provision for filing its articles.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542–2544, 2546, 2563–2567; Dec. Dig. ☞661.]

2. CORPORATIONS ☞661—FOREIGN CORPORATIONS—ACTION—JURISDICTION.

The fact that in a suit brought by a foreign corporation on such contract, the petition contained a second count for goods sold by plaintiff to defendant, did not authorize a recovery where the amount claimed under such count was not within the jurisdiction of the district court.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542–2544, 2546, 2563–2567; Dec. Dig. ☞661.]

Error from District Court, Hamilton County; J. H. Arnold, Judge.

Action by the Peck-Hammond Company against the Hamilton Independent School District. From a judgment sustaining a demurrer to the complaint, and dismissing the suit, plaintiff brings error. Affirmed.

J. L. Lewis, of Hamilton, for plaintiff in error. Eidson & Eidson, of Hamilton, for defendant in error.

RICE, J. [1] Plaintiff in error, a foreign corporation doing business in the city of Cincinnati, Ohio, brought this suit against defendant in error to recover a balance claimed to be due it on a contract for furnishing and erecting a steam heating apparatus in the public school building in the city of Hamilton. Defendant in error specially excepted to the petition on the ground that it failed

to allege that plaintiff in error had a permit to transact business in the state of Texas, without which, it asserted, plaintiff in error could not maintain this suit, which demurrer was sustained, and plaintiff in error failing to amend, the suit was dismissed, from which judgment this writ of error is sued out.

The petition discloses that plaintiff in error is a foreign corporation, with its principal office in the city of Cincinnati, Ohio; it alleges that defendant in error entered into a contract with it, by which it agreed to furnish and erect for defendant in error a steam heating apparatus in the public school building at Hamilton, in accordance with certain plans and specifications and guarantees contained in the contract, for which it was to receive, when completed, a specified sum of money therein set forth; but there was no averment showing that plaintiff in error had a permit to transact business within the state of Texas.

By articles 1315 and 1316, vol. 1, Vernon's Sayles' Civ. Stats., the method is pointed out by which a foreign corporation may obtain a permit to do business within this state; and, upon complying therewith, article 1317, Id., provides that such corporation, on obtaining such permit shall have and enjoy all the rights and privileges conferred by the laws of this state on corporations organized under the laws of this state. But by article 1318, Id., it is provided that no such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this state, whether arising out of contract or tort, unless at the time such contract was made or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter in the office of the secretary of state for the purpose of procuring its permit.

The petition disclosing as it does that plaintiff in error is a foreign corporation, and that its claim and demand grows out of business transacted by it in this state, and failing to show that it has a permit to do business within this state, as required by the article last cited, the court properly sustained the special exception setting up its failure so to allege. See Taber v. Bldg. Ass'n, 91 Tex. 92, 40 S. W. 954; Bank v. Holland, 103 Tex. 266, 126 S. W. 564; Smythe County v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157.

[2] Notwithstanding there was a second count in the petition for goods sold by plaintiff in error to defendant in error, yet, as the amount claimed therefor was not within the jurisdiction of the court, this fact would not of itself authorize a recovery.

Believing that the court did not err in sustaining the demurrer and dismissing the suit, its judgment is in all respects affirmed.

Affirmed.