## MEMPHIS COTTON HULL & FIBER CO., Limited, v. WILSON GRAIN CO. (No. 792.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 8, 1922. Rehearing Denied Nov. 22,. 1922.)

**1. Corporations ☞661(6)—Sale of cotton seed held interstate transaction relieving foreign corporation vendor from securing permit before suit on contract.**

. A contract for the sale of 700 tons of cotton seed to be shipped at the purchaser's instructions to various points within the state is an interstate transaction, and as such makes it unnecessary for the vendor, a foreign corporation, to file its charter and get a permit to do business in the state as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1314–1318, before being qualified to sue on the contract.

**2. Corporations ☞661(6)—Unlicensed contract·held interstate as to goods not shipped to state by vendor foreign corporation, owing to buyer's breach so that it could sue in state without permit for damages arising therefrom.**

Though, under a contract made with a foreign corporation for the purchase of 700 tons of cotton seed to be shipped to points within the state at purchaser's direction, only a part of the seed was shipped and the purchaser refused to give shipping instructions for the remainder, and it was necessary for the vendor to sell it elsewhere at a loss, the contract as to the seed not shipped was an interstate transaction, so that the vendor was not 'required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1314–1318, to obtain a permit before it could maintain an action in the state for the breach, notwithstanding the fact the damages arose out of the state from goods not shipped, rather than from those shipped, into the state.

**3. Arbitration and award ☞85(1)—Seller held entitled to elect to sue on award of arbitrators under contract and in the alternative for breach of the contract.**

Where a contract for the purchase of cotton seed contained a provision that in case of controversy it should be submitted to the Texas Cotton-Seed Crushers' Association for arbitration and that its award would be binding and might be filed in any court of competent jurisdiction, and have judgment entered thereon, *held*, that a party might elect to sue on the award and, in the alternative only, on the breach of the contract.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by the Memphis Cotton Hull & Fiber Company, Limited, against the W. T. Wilson Grain Company. From an order sustaining defendant's demurrer, and special exceptions to the petition, plaintiff appeals. Reversed and remanded.

S. M. Adams, of Nacogdoches, and Garrison & Watson, of Houston, for appellant.

Harris & Harris, of Nacogdoches, and Mantooth & Collins, of Lufkin, for appellee.

HIGHTOWER, C. J. The appellant, Memphis Cotton Hull & Fiber Company, Limited, a private corporation domiciled in the city of Memphis, state of Tennessee, filed this suit in the district court of Nacogdoches county, Tex., against the W. T. Wilson Grain Company, as defendant, to recover a money judgment in the sum of $2,485.50.

Defendant answered, and among other things. interposed a general demurrer and several special exceptions. The general demurrer and some of the exceptions, which attack the petition on the ground that it appeared that the plaintiff was a foreign corporation and had not procured a permit to do business in Texas, were sustained, and the suit was ordered dismissed, from which order this appeal is prosecuted.

The allegations of fact made by plaintiff's several pleadings (original petition, first supplemental petition, and trial amendment) were, substantially, as follows:

That in December, 1917, plaintiff and defendant entered into a written contract in the city of Memphis, state of Tennessee, by the terms of which the plaintiff sold and defendant purchased 700 tons of lintless cotton seed, at an agreed price per ton (the agreed price being. fully stated); that defendant, by the terms of the contract, was to give to plaintiff shipping instructions, designating the points in the state of Texas to which the cotton seed should be shipped; that 428.55 tons of the seed were shipped by plaintiff to defendant, as instructed by defendant, and payment by defendant made therefor; that as to the remaining 271.45 tons of seed, defendant never did, though requested to do so, give plaintiff shipping instructions, but that, on the contrary, defendant refused to do so, and refused to receive the remaining 271.45 tons of seed; that acting under the terms of the written contract for the sale and purchase of the seed, plaintiff, after notice to defendant that it would do so, sold the 271.45 tons in the city of Memphis, state of Tennessee, for the highest market price obtainable there at that time, which was $9.25 per ton, the difference between the aggregate amount received at such sale and the contract price to defendant being $2,485.50; that plaintiff made demand of defendant for such amount, which defendant refused to pay, to plaintiff's damage, etc.

Plaintiff further alleged that the original contract for the sale and purchase of the 700 tons of seed contains a provision to the effect that in the event any controversy should arise between the parties relative to the contract, such controversy should be submitted to the arbitration committee on cotton-seed products of the Texas Cotton-Seed

Crushers' Association for arbitration and decision, and that such arbitration and decision should be binding upon the parties, and that such award and decision might be filed in any court of competent jurisdiction and the judgment of such court be entered thereon in accordance with such award. Plaintiff then alleged that the controversy had been duly submitted to arbitration, as provided for, and that the decision and award of the arbitrators was in favor of plaintiff and against defendant for the amount of $2,485.-50, as claimed by plaintiff, and that such award was duly filed in the district court of Nacogdoches county, as provided by the contract between the parties, but that defendant still refused to pay to plaintiff the amount of such award, or any part thereof.

Plaintiff's prayer was for recovery on the award made by the arbitrators, and in the alternative for judgment in the sum of $2,-485.50, as damages for defendant's breach of contract; such amount being the difference between the contract price of the 271.45 tons of seed and the price for which plaintiff sold the same on the market at Memphis, Tenn., under the terms of the original contract.

[1] Plaintiff's pleadings further affirmatively showed that, while it is a Tennessee corporation, its business transactions are and have been wholly interstate, and that it is engaged in that character of business in all of the states of the American Union. Plaintiff's pleadings, taken as a whole, show very clearly that the written contract for the sale and purchase of the seed was made in the state of Tennessee, at the plaintiff's home office, and under the express terms of the contract the seed were to be shipped by plaintiff upon shipping instructions furnished by defendant to such common points in Texas as defendant should designate. Such being the alleged facts, there can be no doubt that the contract, the breach of which is made the basis of this suit, was an interstate transaction.

This being so, articles 1314–1318, Vernon's Sayles' Civil Statutes, requiring a foreign corporation doing business in Texas to file a copy of its charter with the secretary of this state and to procure a permit from such secretary to do business in this state, and providing that such foreign corporation may not prosecute any character of suit in any court in this state, unless such provision shall be complied with, can have no application. T. & P. Railway Co. v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562; W. B. Clarkson & Co. v. Steamship Co. (Tex. Civ. App.) 187 S. W. 1106; Merriam & Millard Co. v. Cole (Tex. Civ. App.) 198 S. W. 1054; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 57 L. Ed. 193. Practically innumerable authorities might be cited on this point, but the foregoing will suffice.

[2] Counsel for appellee concedes that if all the seed (700 tons) covered by the contract had been shipped by the plaintiff, and paid for with the exception of the 271.45 tons, as was the case, and if plaintiff's suit was one to collect the balance of the purchase price, then the plaintiff, notwithstanding it is a foreign corporation and shown to have no permit to do business in Texas, could maintain a suit for such balance of the purchase money, for the reason that the transaction which would there be the basis of such suit would be interstate commerce, or an interstate transaction. The only distinction that counsel for appellee would make between the present suit and the one supposed, is that since the 271.45 tons of seed were never, in fact, shipped and delivered to defendant in Texas, that as to so much of that contract the transaction was not one interstate in character, but that as to so much of the seed plaintiff's cause of action was one merely for breach of a contract, not interstate in character, and cannot be maintained in a court of this state, because inhibited by articles 1314–1318, supra. We gather this seeming distinction that counsel for appellee would make from the following in his brief:

"Had plaintiff shipped the hulls to defendant and then sued it for the purchase price of said hulls, plaintiff's contention would be correct, but plaintiff did not do this, and on the contrary sued defendant for damages; the measure of such damages being the difference in the purchase price and the price at the time defendant refused to furnish shipping instructions."

We feel sure that under the authorities above cited, the distinction that counsel would make is not tenable or sound. Counsel cites, in support of the contention, Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969, and Leschen & Sons Rope Co. v. Moser (Tex. Civ. App.) 159 S. W. 1018. In the Chapman Case the court merely held that in a suit by a foreign corporation filed in a court of this state on a contract made in this state, the plaintiff's petition must show that the plaintiff (the foreign corporation) has a permit to do business in this state. In the Moser Case, the court merely held that where a foreign corporation, which has no permit to do business in this state, files suit upon a contract made in this state, the suit should be dismissed. It is clear to us that neither of these cases sustains the contention of counsel for appellee.

It is very clear that the very basis of the plaintiff's cause of action in this suit was the breach of the contract made in the state of Tennessee, which was complete in all respects, and the only thing left to be done in the way of its full performance was the shipment by the plaintiff of the seed covered by the contract to such common points in

the state of Texas as might be designated by shipping instructions furnished by the defendant. Such being true, the transaction was one, clearly, interstate in character, and the statutes of this state, above referred to, can have no application.

It follows that the trial court was in error in sustaining the general demurrer and such of the special exceptions as attack the plaintiff's petition on the ground that upon its face it appeared that the plaintiff had no permit to do business in the state of Texas.

[3] We are also clearly of opinion that the plaintiff might elect, as it did, to sue upon the award of the arbitrators, and, in the alternative only, upon the breach of the contract. The provision for the award of the arbitrators was contained, according to the plaintiff's petition, in the original contract between the parties, and, according to the further allegations of plaintiff's petition, the arbitration was had under .the terms of the original contract. Therefore it must be held that the proceeding in arbitration and the award of the arbitrators has as its basis the original contract in character, and there is no reason suggested, and we think none could be, why the award, as made by the arbitrators and filed in the district court of Nacogdoches county, should not be sued upon, as the plaintiff elected to do.

Reversed and remanded.