Believing that all questions discussed in the opinion on motion for rehearing were properly disposed of, the state's motion for rehearing is overruled.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## ELLIOTT ELECTRIC CO. v. CLEVENGER.
### (No. 3471.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 3, 1927.

Rehearing Denied Nov. 10, 1927.

1. Corporations ⬤⟾672(7)—Foreign corporation must plead and prove compliance with statute requiring permit to do business before bringing action not maintainable without such compliance.

Compliance by foreign corporation with statute requiring permit to do business must be both pleaded and proved to entitle foreign corporation to maintain action, where alleged action appears on face of petition to be one which it could not maintain unless compliance had been made.

2. Corporations ⬤⟾672(7)—In action by foreign corporation where certificate to do business is condition precedent to maintenance, petition failing to allege compliance is demurrable.

In action by foreign corporation which could not be brought without complying with statute requiring certificate to do business, procurement of such certificate is condition precedent to right to maintain action, and petition becomes demurrable if it fails to allege certificate has been procured.

3. Corporations ⬤⟾672(7)—Petition in action by foreign corporation showing transaction of interstate nature is not demurrable for failing to allege permit to do business.

In action by foreign corporation, where petition affirmatively shows transaction of character of interstate commerce, petition is not demurrable if it fails to allege procurement of certificate to do business.

4. Corporations ⬤⟾672(7)—Suit by foreign corporation held dismissable where permit to do business was not shown and petition disclosed doing of local business.

In suit to recover for materials and labor furnished by foreign corporation, where it was alleged in petition plaintiff sold to defendant electrical fixtures and material and furnished men to repair electrical machinery used by defendant in operation of plant and paid men who performed labor in defendant's plant, suit was properly dismissed on demurrer to petition on ground it failed to show permit to do business in state, since allegations warrant inference of doing of purely local business.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by the Elliott Electric Company against W. J. Clevenger for a sum due and owing. From a judgment of dismissal, plaintiff appeals. Affirmed.

The suit was by appellant, a Louisiana corporation, to recover judgment in the sum of $608.52, claimed to be due and owing by appellee, of Nacogdoches, Texas, for the price of a set of stator coils and extras supplied at various dates, and the 'cost of labor performed at various dates, agreed to be paid by appellee, in the repair and overhauling of electrical machinery of his cotton gin. As pertinent to state, the appellee filed a general demurrer, and also specially pleaded in abatement that the appellant was a foreign corporation with no permit to do business in Texas. Appellant's petition did not allege such compliance with the statute. The court determined, as urged by the appellee, that it affirmatively appeared from the face of the petition that the appellant was a foreign corporation with no permit to do business in Texas, and that the action which it sought to maintain was one that it could not maintain in the courts of this state unless compliance with the statute had been made. The court determined the question entirely from the face of the petition, according to the allegations under the general demurrer urged, and not upon evidence on a hearing upon the plea in abatement. The court dismissed the suit, the appellant not offering to amend the petition. The appeal is to review the ruling of the court, timely excepted to by the appellant.

---

Seale & Dennman, of Nacogdoches, for appellant.

S. W. Blount, of Nacogdoches, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant presents the points in view that (1) objection of noncompliance of a foreign corporation with the statute requiring a permit to do business in the state is not ground for general demurrer, but a matter of defense to be pleaded by timely plea in abatement; and (2) the petition pleaded a contract constituting interstate commerce. In this state compliance with the statute of permit to do business, in view of its terms, must be both pleaded and proved to entitle the foreign corporation to maintain the action, where the alleged action appears on the face of the petition to be one which it could not maintain unless such compliance has been made. Taber v. Building & Loan Ass'n, 91 Tex. 92, 40 S. W. 954; Chapman v. Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969; Turner v. Cotton Oil Co., 50 Tex. Civ. App. 468, 109 S. W. 1113; Levinson v. Oil Co. (Tex. Civ. App.) 240 S. W. 1047; and other cases.

[2, 3] The procurement of such certificate being a condition precedent to the right to maintain an action, the petition becomes demurrable if it fails to allege that the certificate has been procured. But the directly contrary rule obtains where the facts alleged in the petition affirmatively show a transaction of the character of interstate commerce. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718, 740; Crews & Williams v. Gin Co. (Tex. Civ. App.) 189 S. W. 793; Latham Bros. v. Louer (Tex. Civ. App.) 176 S. W. 920; Fennell v. Cement Co. (Tex. Civ. App.) 209 S. W. 796; Hull & Fiber Co. v. Grain Co. (Tex. Civ. App.) 244 S. W. 1062; and other cases. In such case objection of noncompliance with the statute becomes a matter purely of defense, raised by a timely plea, upon extrinsic evidence.

[4] The allegations of the petition are to the effect that the appellant, a foreign corporation, in the line of its business "of manufacturing power fixtures operated by electricity and of repairing electrical machinery" and at the instance of appellee, a resident of Texas, "on or about August 31, 1922, and on sundry other dates, sold to the defendant" certain enumerated "electrical material to be used in connection with defendant's ginning plant" and "a complete set of stator coils, including 150 pounds of No. 11 magnet wire," constructed and "made up in its shop at Shreveport," and "on various and sundry dates furnished the defendant expert men at Nacogdoches, Tex., who did and performed certain various and sundry labor in repairing, overhauling, and putting in order the electrical machinery used by defendant in connection with the operation of his plant," and "paid in cash for defendant's benefit and at his request the expenses and wages of the expert men who performed the labor for defendant upon his plant." The appellant sought to recover the price of the materials and stator coils and the expenses and cost of the labor.

It is believed that the alleged undertaking plainly amounts to the doing of local business in the state requiring a permit to do so in accordance with the statute. Buhler v. Burrowes Co. (Tex. Civ. App.) 171 S. W. 791; York Mfg. Co. v. Colley (Tex. Civ. App.) 172 S. W. 206; Browning v. Waycross, 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828; Signal Co. v. State of Va., 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 855; Mfg. Co. v. Bank, 176 Ala. 229, 57 So. 762; Elevator & Machine Co. v. Candy Co., 156 Mich. 25, 120 N. W. 18; Nursery Co. v. Trostel, 166 Wis. 215, 164 N. W. 995, L. R. A. 1918B, 311. The materials and parts furnished and the labor done were in repair and putting in running order of property already in the state that needed mending and adjusting. The undertaking to provide the material and parts and to do the work of "repairing, overhauling, and putting in order the electrical machinery" of the gin must be regarded in its entirety. The sale and delivery of the electrical material and the stator coils apparently would not alone have been a performance of the agreement, entitling appellant to enforce the agreement. The allegations warrant the inference of purpose on the part of appellant to do purely local business in its particular line.

The judgment is affirmed.