**WASHINGTON-DEAN CO., Inc., v. CROW BROS. et al. (No. 7885.)**

Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1928.

**1. Corporations ⊜⟿672(7)—Foreign corporation must allege and prove permit to transact business in state if petition shows it transacted business in state (Rev. St. 1925, arts. 1529, 1536).**

If petition in action by foreign corporation on legal or equitable demand affirmatively discloses that corporation was transacting business in the state when its cause of action accrued, corporation, in order to avoid force of general demurrer and maintain its suit, must go further and allege and prove that when cause of action accrued it was operating under a permit from the appropriate state authority under Rev. St. 1925, arts. 1529, 1536.

**2. Corporations ⊜⟿672(7)—Foreign corporation need not allege it has permit to do business in state, where petition does not disclose it is engaged in business therein (Rev. St. 1925, arts. 1529, 1536).**

If petition by foreign corporation on legal or equitable demand does not disclose that corporation is engaged in business in state or that demand did not arise from an intrastate transaction, corporation need not allege that it had obtained a permit to do business in state required by Rev. St. 1925, arts. 1529, 1536, to avoid force of general demurrer.

**3. Bills and notes ⊜⟿375—Innocent purchaser of negotiable instrument given foreign corporation not having permit to engage in business in state may recover thereon (Rev. St. 1925, arts. 1529, 1536).**

An innocent purchaser of a negotiable instrument given to a foreign corporation not having a permit to engage in business in Texas required by Rev. St. 1925, arts. 1529, 1536, may sue and recover thereon in the courts of this state, since statute, while denying the payee the right to sue thereon in Texas courts, does not make instrument void or in any manner impair its validity while in hands of an innocent purchaser who was not engaged in transacting business in the state, even if such purchaser is a foreign corporation.

Appeal from San Patricio County Court; J. C. Russell, Judge.

Action by the Washington-Dean Company, Inc., against Crow Bros. and others. From an adverse judgment, plaintiff appeals. Reversed and rendered.

J. G. Cook, of Sinton, for appellant.
W. S. Vawter, of Sinton, for appellees.

SMITH, J. The Henderson Tire & Rubber Company, a foreign corporation domiciled in the state of Ohio, sold certain articles to Crow Bros., a partnership engaged in business at Taft, Tex., and drew trade acceptances against Crow Bros., who accepted the same. Subsequently the Tire & Rubber Company sold and assigned the acceptances to Washington-Dean Company, a New York corporation, who brought this suit thereon against Crow Bros. From an adverse judgment the Washington-Dean Company has appealed.

In the pleadings of appellant in the court below it was disclosed that both the drawer and the assignee of the acceptances were foreign corporations, but it was not alleged or disclosed that either of said corporations was, or was not, engaged in the transaction of business in this state, or that either of them had ever obtained an official permit from the state entitling it to engage in business therein. The defendants below excepted to the sufficiency of plaintiff's petition because of the failure to allege that those corporations had such permit, but the trial court overruled the exceptions, and the party urging them below does not complain here of the court's ruling thereon. In fact, appellees have filed no briefs in the case, thus shifting to this court the entire burden of protecting the trial court's judgment against the thorough and able attack made thereon in appellant's brief.

The profession is familiar with the statutory requirement that a foreign corporation desiring to engage in business in this state may file its articles of incorporation with the secretary of state, and thereby obtain a permit to transact its business in the state .(article 1529, R. S. 1925), and with the statutory provision that no such corporation can maintain actions in the courts of the state upon its legal or equitable demands, unless it had such permit at the time its cause of action arose. Article 1536.

[1] If in an action upon such demand it affirmatively appears in the petition that the corporation plaintiff was transacting business in this state at the time its cause of action accrued, then, in order to avoid the force of a general demurrer and maintain its suit, the plaintiff must go further and both allege and prove that at the time its cause of action accrued it was operating under a permit from the appropriate state authority. Taber v. B. & L. Ass'n, 91 Tex. 92, 40 S. W. 954.

[2] But, if the petition does not disclose that the plaintiff is engaged in business in this state, or that the demand did not arise from an intrastate transaction, then the plaintiff need not allege that it has obtained the permit, in order to avoid the force of a general demurrer. Land Co. v. Wilson (Tex. Civ. App.) 150 S. W. 253; Crews & Williams v. Gin Co. (Tex. Civ. App.) 189 S. W. 793; Crisp v. Brewing Co. (Tex. Civ. App.) 212 S. W. 531. Tested by these rules, the petition of appellant in the court below was good as against demurrer.

The evidence in the case is unsatisfactory upon the issue of whether or not the Hender-

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son Company, the drawer of the acceptances sued upon, was engaged in the transaction of business in this state at the time the acceptances were drawn and accepted. For that reason, and because the issue is deemed immaterial to this decision, that issue need not be determined here.

[3] The record shows, however, that the Henderson Company assigned the acceptances to appellant, Washington-Dean Co., Inc., which purchased them before maturity, for value, and without notice of the defenses urged against them by appellees in the court below. This finding settles the appeal, regardless of the status of the Henderson Company or of its right to enforce its demands in the courts of the state, for it seems to be the law of the state that an innocent purchaser of a negotiable instrument given to a foreign corporation not having a permit to engage in business in Texas may sue and recover thereon in the courts of the state. The statutes, while denying the payee the right to sue thereon in the courts of Texas, do not make this instrument void, or in any manner impair its validity while in the hands of an innocent purchaser, such as appellant, who, although itself a foreign corporation, is not engaged in the transaction of business in the state, and therefore required no permit as a condition precedent to its right to sue in our courts.

The judgment must be reversed; but as the facts appear to be fairly full and undisputed, judgment is here rendered that appellant recover of appellees the amount of the acceptances sued on, with interest at the rate of 6 per cent. from the respective maturity dates thereof, for protest fees in the sum of $1.56, and for all costs in this and the trial court.

Reversed and rendered.