## BIGELOW v. DELAWARE PUNCH CO.
### No. 2509.

Court of Civil Appeals of Texas. El Paso.
March 19, 1931.

Rehearing Denied April 9, 1931.

Harrison, Scott & Rasberry, of El Paso, for appellant.

Leo Heisel, of El Paso, for appellee.

WALTHALL, J.

Delaware Punch Company, representing in its petition that at all times thereinafter mentioned it has been and now "is a foreign corporation, organized and existing under the laws of the State of Delaware, duly authorized to do business within the State of Texas," and stating the location of its principal place of business to be at San Antonio, Tex., brought this suit against R. V. Bigelow, doing a mercantile business as the R. V. Bigelow Supply Company, to recover for certain specified and itemized goods, wares, and merchandise sold and delivered to Bigelow at El Paso, Tex., under a written contract, and to recover the possession of twelve dispensers, stating their value, and stating that certain credits were to be allowed upon an adjustment of the verified account.

Bigelow answered by general demurrer, general denial; denied the whole of the verified account; alleged that plaintiff, is a foreign corporation maintaining its principal office at San Antonio, Tex.; alleged that the execution of the contracts mentioned was procured by misrepresentations, stating same, and that said misrepresentations were a part of the consideration for the purchase of said goods, wares, and merchandise then held by him, and that prior to the filing of suit defendant tendered to plaintiff the return of said goods, and in his answer renewed said tender; and pleaded other facts which defendant alleges were, in violation of article 7426 of the statutes, conspiracies against trade.

At the close of the evidence and before the case was submitted to the jury, defendant submitted a motion to dismiss the suit on the ground that the evidence shows that plaintiff is a foreign corporation doing business in Texas, that the transactions relating to the sale and delivery of the merchandise involved in the suit occurred in Texas, and that there was no competent proof that plaintiff had complied with the Texas laws regulating foreign corporations doing business in this state. The court overruled the motion and submitted the case to the jury upon special issues. On the return of the verdict defendant submitted a motion for judgment in his favor, which the court overruled.

The dispensers having been returned by defendant and accepted by plaintiff, judgment was rendered that plaintiff take nothing for same, and entered judgment for plaintiff on the verdict for the goods, wares, and merchandise.

The court overruled defendant's motion for a new trial, and defendant prosecutes this appeal.

Opinion.

We will designate the parties as plaintiff and defendant as in the trial court.

Defendant submits error to the order of the court in overruling his motion and renewed motion for a new trial on the ground that there was no proof of plaintiff's compliance with the statute regulating foreign corporations doing business in this state, in that there was no evidence that plaintiff had filed with the secretary of state a duly certified copy of its articles of incorporation and secured a permit to do business in this state.

On that issue plaintiff took the deposition of the president of the plaintiff corporation, and submitted the following question: "Q. If you answered the previous interrogatory to the effect that the Delaware Punch Company is a Delaware Corporation, state whether or not it has a permit to do business within the State of Texas." To which the witness answered, "Yes."

The above is all the proof on the issue found in the record.

The petition and evidence show that plaintiff is a foreign corporation and maintains its principal office, its factory and warehouse in San Antonio, Tex., from which its orders for its goods are sold and shipped. The business shown is not interstate commerce.

Upon the general subject of private foreign corporations, title 32, chapter 19, article 1529, of the statutes of this state, provides that any corporation for pecuniary profit, organized or created under the laws of any other state, desiring to transact or solicit business in Texas, or to establish a general or special office in this state, shall file with the secretary of state a duly certified copy of its articles of incorporation, and thereupon such official shall issue to such corporation a permit to transact business in this state, for the period stated.

Article 1535, same chapter, provides: *"Evidence.*—Either the original permit or certified copies thereof by the Secretary of State shall be evidence of the compliance on the part of any corporation with the terms of this chapter."

Article 1536, same chapter, provides: *"Right to sue.*—No such corporation can maintain any suit or action, either legal or equitable, in any court of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter."

■ The point presented has been decided against appellee's contention by the Supreme Court in Taber v. Interstate Bldg. & Loan Association, 91 Tex. 92, 40 S. W. 954. The statute states the facts necessary to be proved. In addition to the fact that appellee had a permit to do business in this state, it must be made to appear that such permit was granted before the contract and business here shown were transacted.

■■ The burden of making such proof is on the suing foreign corporation. The reason for the rule is more fully discussed in Holloway v. Memphis, El Paso & Pacific R. R. Co., 23 Tex. 465, 76 Am. Dec. 68. The law is mandatory in its terms. See, also, Elliott Electric Co. v. Clevenger (Tex. Civ. App.) 300 S. W. 91, and cases there referred to.

■■ The question presented is not a want of legal capacity to sue, as suggested by plaintiff. A foreign corporation, having complied with the statute, has legal capacity to sue. Plaintiff's petition shows that it is a foreign corporation, and alleges that it was "duly authorized to do business within the State of Texas." While the statement that plaintiff was "duly authorized," etc., is a legal conclusion, the proof must show the facts which duly authorized plaintiff to enter into the contract and transact business; that is, that at the time of entering into the contract and transacting the business under the contract plaintiff had then filed its articles of incorporation with the secretary of state and secured a permit to do business in this state. The question presented is one of proof and not of pleading. Defendant could not be required to anticipate that plaintiff would not make the required proof that it was "duly authorized" to do business in this state.

The proof was not sufficient, and the court should have sustained defendant's motion.

Other points are presented as to matters arising on the trial which we need not discuss.

It appearing that the proof has not been fully developed, the case is reversed and remanded.

## On Motion for Rehearing.

We think appellant has not fully understood just what we held in the opinion:

Appellant refers us to U. O. Colson Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405, and, quoting from that case, submits that the defense that plaintiff is a foreign corporation without a permit to do business in this state, and with no right to maintain the suit, must be specially pleaded by Bigelow, and would be waived by not pleading and proof.

That holding was a correct statement of the law in that case, an equitable proceeding to set aside a judgment of a court of competent jurisdiction, and from which the party seeking relief had an adequate remedy by appeal, but did not avail itself of it. A review of the cases referred to by Judge Blair in that case will fully reveal the character of cases where the law stated in that case is applicable.

That case and the cases there referred to have no application to this case. The only question in the instant case is the sufficiency of the proof to show that appellee, a foreign corporation, had a permit to do business in this state and whether it had such permit at the time the business involved in the suit was transacted.

The case of Taber v. Interstate Bldg. & Loan, 91 Tex. 92, 40 S. W. 954, 955, and referred to in the original opinion, decided the questions presented here on a certified question. It was there held: "It was necessary for the corporation (plaintiff below) to prove that it had a permit to do business in Texas at the time that the contract sued upon was made in order that the court might enter judgment in its favor." In that case the question was raised by general denial. In Washington-Dean Co. v. Crow Bros. et al. (Tex. Civ. App.) 1 S.W.(2d) 914, it is said that foreign corporations must allege and prove permit to transact business in this state. In Elliott Electric Co. v. Clevenger (Tex. Civ. App.) 300 S. W. 91, it was contended, as here, that objection of noncompliance of a foreign corporation with the statute requiring a permit was a matter of defense. It was held that in this state compliance with the statute of permit to do business, in view of its terms, must be both pleaded and proved by the foreign corporation to entitle it to maintain the action, and refers to Taber v. Building & Loan Ass'n, supra, and other cases referring to the Taber Case so holding.

See cases in Shepards S. W. Rep. Citations, vol. 23, November, 1930, p. 93.

There is no doubt, in our opinion, but that the burden of proof is on the foreign corporation to show its right to sue and to have judgment in its favor, and that it had such right at the time the transactions were had. We have found no case holding otherwise.

The motion is overruled.